IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAREN MASSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:12-CV-204 (MTT) |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Before the Court is the Defendant's Motion for Medical Examination pursuant to Fed. R. Civ. P. 35.  (Doc. 11).  The Motion is **GRANTED in part**, and the parties are instructed to proceed as further outlined below.

### I.  BACKGROUND

This is a slip-and-fall case.  The Plaintiff alleges that on June 8, 2010, she was rounding a corner in one of the Defendant's Warner Robins stores[1] when, suddenly and without warning, she slipped in water on the floor and fell.  She says the fall injured her knees, shoulder, lower back, and right thigh, and that she continues to suffer from lower back pain.  After visiting the emergency room at Houston County Medical Center on the day of the incident, the Plaintiff's counsel referred her to Chiropractor Jay Cranford and neurosurgeon Peter O. Holliday, III, M.D.  Holliday, who is also proposed as an expert witness for the Plaintiff, recommends surgery to correct one or more herniated discs in

---

[1] This particular store is located at 2720 Watson Boulevard.

the Plaintiff's back and opines that her fall is the cause of her ongoing pain.  In light of this recommendation, and the fact that the Plaintiff has thus far picked her own doctors, the Defendant asks this Court to order the Plaintiff to submit to examination by a physician of the Defendant's choosing.[2]

## II.  DISCUSSION

When a party's physical condition is in controversy, the Court may order the party to submit to a physical exam by a suitably licensed or certified examiner.  Fed. R. Civ. P. 35(a)(1).  The order may be made only on a motion for "good cause" and must specify the examination's time, place, manner, conditions and scope, as well as the person or persons who will perform it.  Fed. R. Civ. P. 35(a)(2).  "Good cause" requires a greater showing of need than is contemplated by the "relevancy" standard that guides most discovery requests.  *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S. Ct. 234, 242 (1964).  It is not met by mere conclusory allegations, but needs an affirmative showing by the movant that the physical condition is genuinely in controversy and that good cause exists for ordering a particular exam.  Also relevant is the movant's ability to obtain the desired information by other means.  *Id.*  Even so, the pleadings alone may be sufficient to meet these requirements:  "A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."  *Id.* at 119 (internal citation removed).

Several factors may suggest "good cause" exists to order a medical exam pursuant to Fed. R. Civ. P. 35.  One such factor looks at the Plaintiff's desire to prove

---

[2] The Defendant chooses orthopedic surgeon Bennett J. Axelrod, M.D., Ph.D., in Suwanee.

her claim through expert testimony. When that is the case, "'the need to preserve[ ] the equal footing of the parties to evaluate the plaintiff's [physical] state'" may provide the a defendant "good cause" to seek examination by its own doctor. *Bethel v. Dixie Homecrafters, Inc.*, 192 F.R.D. 320, 322 (N.D. Ga. 2000) (quoting *Lahr v. Fulbright & Jaworski, L.L.P*, 164 F.R.D. 196, 200 (N.D. Tex. 1995)). Because defendants need not limit their case to cross examination, it is appropriate that they be provided reasonable opportunity to challenge a plaintiff's claim and testimony. *Id.* Use of their own expert testimony "'is a well recognized and reasonable way'" of making such a challenge, "'and an examination by that expert is necessary for the expert to form a meaningful opinion.'" *Id.* (quoting *Ali v. Wang Laboratories, Inc.*, 162 F.R.D. 165, 168 (M.D. Fla. 1995)).

  Here, the Plaintiff has placed in controversy her physical condition. However, the Plaintiff argues the Defendant offers only general grounds of relevancy and makes conclusory allegations in support of its request for a court-ordered medical exam. She further objects that the Defendant can obtain the information it desires by reviewing her previously disclosed medical records or by seeking to depose her treating physicians. Additionally, the Plaintiff argues the Defendant has not proposed limitations to the scope of the exam sufficient for the Court to craft an Order complying with Fed. R. Civ. P. 35(a)'s time, place, and manner restrictions. It is true the Defendant's initial Motion is rather vague and conclusory. But, in reply to the Plaintiff's response to its Motion, the Defendant adequately contends that the available medical records are insufficient to enable its full assessment of the nature and cause of the Plaintiff's ongoing injuries. Further, requiring the Defendant to rely only on these records and its presumed eventual deposition of Dr. Holliday might be inequitable.

However, the Court notes that the findings of the Plaintiff's medical providers are fairly routine. Imaging studies appear to establish that the Plaintiff suffers from degenerative disc disease. According to her history, she suffered no back pain in the recent years before her fall. However, she reported to one of her medical providers that she had hurt her back 20 years earlier. Based on this information, it appears the Plaintiff's neurosurgeon will testify that her pre-existing degenerative disc disease only became symptomatic after her fall and thus he believes the fall aggravated her pre-existing condition. The Court has no doubt that both the Plaintiff's and the Defendant's lawyers have handled dozens of cases presenting a similar scenario. Few of those cases require Rule 35 medical examinations and it is not apparent to the Court why the facts of this case have led the Defendant to request such an examination. Nevertheless, the Court is satisfied the Defendant has made a sufficient showing to proceed with the examination.

### III. CONCLUSION

Accordingly, the Court finds that the Defendant has shown "good cause" for ordering the Plaintiff to submit to a medical exam by a doctor of its choosing. The Court further finds acceptable the Defendant's selection of Dr. Axelrod to conduct the exam. However, as to the parameters of how, when, and under what limitations this exam will take place, more information is required. The Defendant is therefore **ORDERED** to consult with the Plaintiff and, within 21 days, submit a proposed Order containing a mutually agreed upon time and place for the exam. The parties are further directed to arrive at mutually agreed upon conditions that properly limit the scope of the exam and to memorialize these conditions in the Defendant's proposed Order. If the Defendant

designates its examiner as an expert witness, it shall, at the time of the designation, disclose to the Plaintiff's counsel the number of times the proposed expert has been retained by the Defendant, any associated entity, or the Defendant's attorneys, and the total compensation paid to the proposed expert.[3]

The Court strongly urges the parties to work together to fashion exam conditions that are amenable to everyone.  However, to the extent the Plaintiff finds unacceptable any conditions outlined in the Defendant's proposed Order, she shall have 7 days from the date of the Defendant's filing to make any such objections.

Finally, the Court observes that the deadline for completing discovery in this case is January 23, 2013.  Should the parties determine the scheduling of the Plaintiff's medical exam requires an extension of this deadline, or an extension of any associated motions deadlines, a request for such an extension should be submitted simultaneously with the Defendant's proposed Order.

**SO ORDERED**, this 18th day of December, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Court also imposes the following additional conditions, regardless of what the parties themselves determine:  (1) The Defendant will bear all costs of the exam and any related costs the Plaintiff incurs traveling to and from the exam, and (2) the Defendant will produce to the Plaintiff any and all findings, conclusions, and reports that arise from the exam.