IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CANDACE CAUSEY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-250 (MTT) |
| SAM'S EAST, INC., | ) |
| Defendant. | ) |

### ORDER

Before the Court are the Defendant's motions for medical examinations (Docs. 24, 25) and to seal documents (Doc. 32). The Defendant's motions for medical examinations are **GRANTED in part**, and the parties are instructed to proceed as outlined below. The Defendant's Motion to Seal Documents is **DENIED as moot**.[1]

### I. BACKGROUND

This is a personal injury case arising from an incident at the Sam's Club in Macon. While the Plaintiff was reaching for a toy on one of the store's shelves, a portion of an adjacent outdoor play set unexpectedly detached from its display and fell on her, striking her back, right hand, and right arm. (Doc. 1-2, ¶¶ 14-15). Following her injury, the Plaintiff underwent surgery to correct a herniated disc, and she alleges she continues to suffer from consistent numbness in her legs and feet. (Doc. 27 at 56-57). According to William B. Dasher, M.D., who has examined the Plaintiff and is expected to

---

[1] Because the Court is granting the Defendant's motions for medical examinations, it does not need to review the medical records the Defendant seeks to file under seal. Accordingly, these records will not be docketed.

provide expert testimony at trial, she will likely require lumbar fusion surgery in the future. (Doc. 24-3 at 6). The Plaintiff also alleges the incident caused her mental suffering and emotional distress that is ongoing. (Doc. 1-2, ¶ 37). Her psychiatrist, Sondralyn M. Fackler, M.D., has diagnosed the Plaintiff with post-traumatic stress disorder, panic disorder with agoraphobia, and major depressive disorder. (Doc. 25-2 at 5).

The Defendant, through a Motion for Medical Exam (Doc. 24) and Motion for Neuro-Psychological Medical Exam (Doc. 25), has asked the Court to order the Plaintiff to submit to physical and mental examinations by experts of its choosing.

## II. DISCUSSION

When a party's physical or mental condition is in controversy, the Court may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a)(1). The order may be made only on a motion for "good cause" and must specify the examination's time, place, manner, conditions and scope, as well as the person or persons who will perform it. Fed. R. Civ. P. 35(a)(2). "Good cause" requires a greater showing of need than is contemplated by the "relevancy" standard that guides most discovery requests. *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S. Ct. 234, 242 (1964). It is not met by mere conclusory allegations, but needs an affirmative showing by the movant that the physical or mental condition is genuinely in controversy and that good cause exists for ordering a particular examination. Also relevant is the movant's ability to obtain the desired information by other means. *Id.* Even so, the pleadings alone may be sufficient to meet these requirements: "A plaintiff in a negligence action who asserts mental or physical injury

places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119 (internal citation removed).

The Plaintiff concedes she has placed in controversy her physical and mental condition. Therefore, the Defendant need only show good cause. Several factors may suggest "good cause" exists to order a medical examination pursuant to Fed. R. Civ. P. 35. One such factor looks at the Plaintiff's desire to prove her claim through expert testimony. When that is the case, "'the need to preserve[ ] the equal footing of the parties to evaluate the plaintiff's [physical] state'" may provide the a defendant "good cause" to seek examination by its own doctor. *Bethel v. Dixie Homecrafters, Inc.*, 192 F.R.D. 320, 322 (N.D. Ga. 2000) (quoting *Lahr v. Fulbright & Jaworski*, L.L.P, 164 F.R.D. 196, 200 (N.D. Tex. 1995)). Because defendants need not limit their case to cross examination, it is appropriate that they be provided reasonable opportunity to challenge a plaintiff's claim and testimony. *Id.* Use of their own expert testimony "'is a well recognized and reasonable way'" of making such a challenge, "'and an examination by that expert is necessary for the expert to form a meaningful opinion.'" *Id.* (quoting *Ali v. Wang Laboratories, Inc.*, 162 F.R.D. 165, 168 (M.D. Fla. 1995)).

Here, the Defendant has shown good cause to order the Plaintiff to submit to physical and mental examination by its experts. The Plaintiff through her expert physicians has developed an opinion as to the cause and nature of her injuries, and she is relying on that opinion to help prove her claim. The Defendant is entitled to equal footing when determining its own theories on these matters. Limiting the Defendant to a review of the Plaintiff's medical records and depositions of her experts would not allow

the Defendant to fully assess and present to a jury the nature and cause of the Plaintiff's injuries.  This makes the Defendant's requested examinations more than merely cumulative or duplicative of previously disclosed records, as the Plaintiff contends.  The most equitable resolution to this matter is to require the Plaintiff to, under reasonable conditions, submit to physical and mental examination by the Defendant's experts.

Accordingly, the Court finds the Defendant has shown "good cause" for ordering the Plaintiff to submit to physical and mental medical examinations by Warner Wood, M.D. and Nicholas DeFilippis, Ph.D.

### III. CONCLUSION

Although there is good cause to order these examinations, more information is required as to how, when, and under what limitations they will take place.  Therefore, the Defendant is **ORDERED** to consult with the Plaintiff and, within 21 days, submit a proposed Order containing mutually agreed upon times and places for the examinations.  The parties are further directed to arrive at mutually agreed upon conditions that properly limit the scope of the examinations and to memorialize these conditions in the Defendant's proposed Order.  If the Defendant designates its examiners as expert witnesses, the Defendant shall disclose to the Plaintiff's counsel the number of times these proposed experts have been retained by the Defendant, any associated entity, or the Defendant's attorneys, and the total compensation paid to the proposed experts.[2]

---

[2] The Court also imposes the following additional conditions, regardless of what the parties themselves determine:  (1) The Defendant will bear all costs of the examinations and any related costs the Plaintiff incurs traveling to and from the examinations, and (2) the Defendant will produce to the Plaintiff any and all findings, conclusions, and reports that arise from the examinations.

The Court strongly urges the parties to work together to fashion examination conditions that are amenable to everyone.  However, to the extent the Plaintiff finds unacceptable any conditions outlined in the Defendant's proposed Order, she shall have 7 days from the date of the Defendant's filing to make any such objections.

**SO ORDERED**, this 31st day of January, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
