**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **CANDACE CAUSEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:12-CV-250 (MTT)** |
| | ) | |
| **SAM'S EAST, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Before the Court is the Defendant's motion to file under seal (Doc. 61)
documents upon which it relies in support of its motion for summary judgment (Doc. 59).
The Defendant asks to seal portions of the deposition of "H.C.," a minor, which is to be
filed as Exhibit "G" to the summary judgment motion; Sam's Club Display Safety
Guidelines, to be filed as Exhibit "M"; Sam's Club Safety Sweep Guidelines, to be filed
as Exhibit "N"; Sam's Club Job Description Hardlines Sales Associate, to be filed as
Exhibit "O"; and Safety Resource Manual, Safe Stocking Guidelines, to be filed as
Exhibit "P".

The Defendant's motion is governed by a common-law right of access to court
proceedings.  This right is an essential component of our system of justice and is
instrumental in securing the integrity of the judicial process.  *Chicago Tribune Co. v.
Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond
Newspapers, Inc. v. Va.*, 448 U.S. 555, 564-74 (1980).  "What transpires in the court
room is public property, and both judicial proceedings and judicial records are

presumptively available to the public….Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (quotation marks omitted) (citations omitted).  Discovery materials filed in support of a motion for summary judgment are "judicial records" subject to this common-law right of access.  *Chicago Tribune Co.* 263 F.3d at 1312.  After balancing various interests, the Court must exercise its discretion in deciding whether judicial records may be sealed.  *Id.* at 1311.

The Defendant argues good cause exists to seal the deposition of H.C. because she is a minor.  Given H.C.'s status as a minor, the Court agrees that access to her deposition should be limited.  Accordingly, access to her deposition shall be restricted to the Parties to this case.[1]  The Defendant shall contact Teri L. Hatcher, Courtroom Deputy (478-752-0717), for further CM/ECF filing instructions.

As to the Defendant's manuals and guidelines, the Defendant argues they should be sealed because the Court previously entered a protective order regarding this type of material and because "the public does not have an interest" in their contents.  (Doc. 61 at 1).  Other than these conclusory statements, the Defendant offers no justification for withdrawing these materials from public view.  As an initial matter, the protective order the Defendant refers to does "not apply to exclude evidence from public disclosure when that evidence is relied upon in support of … any motion."  (Doc. 23 at 3).  Beyond that, there is a presumption of public access to these materials, which, to the extent the

---

[1] Although the Defendant moves to "seal" the deposition, the Court presumes the result the Defendant actually seeks is to restrict public access to the deposition.  If the Court were to "seal" the deposition, neither the Plaintiff nor the Defendant would be able to access it.

Defendant relies upon them to support its motion for summary judgment, are judicial records.  Given that the Defendant has offered no support for its claim that the public has no interest in these records, the Court sees no reason to allow them to be filed in secret.

Consequently, the Defendant's motion is **GRANTED** to the extent that the deposition of H.C. may be filed with access restricted to the Parties only.  In all other respects, the motion is **DENIED**.

**SO ORDERED**, this 2nd day of October, 2013.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT